Antonette SIMPLICIO, Appellant,

v.

NATIONAL SCIENTIFIC PERSONNEL BUREAU, INC., a domestic corporation, Appellee.

No. 2938.

Municipal Court of Appeals for the District of Columbia.

Argued March 12, 1962.

Decided May 3, 1962.

John Paul Sullivan, Washington, D. C., with whom Dennis Collins, Washington, D. C., was on the brief, for appellant.

Jacob A. Stein, Washington, D. C., for appellee.

Before HOOD, Chief Judge, QUINN, Associate Judge, and MYERS, Associate Judge of The Municipal Court for the District of Columbia, sitting by designation.

MYERS, Associate Judge.

Appellant, a former employee of corporate appellee, brought this action for unpaid wages and for reimbursement of expenses incident to attending a convention

out of the city in connection with her employment. Appellee counterclaimed for an alleged overpayment of wages and contended that appellant never incurred expenses for the trip and that she was paid her salary in stock of the corporation in lieu of money as provided for by an agreement between them. The trial judge found for the corporation on appellant's claims and for her on the counterclaim. From the judgment against her, appellant appeals.

Whether appellant was entitled to reimbursement for her travel expenses was a question of fact. She testified that while attending a convention in Chicago on behalf of the corporation she paid for her meals, her hotel room, and her fare home. Appellee's president testified she left the convention without paying her bills and that he and another employee, after waiting in vain for her, had to drive back to Washington without her. The trial judge resolved this issue against appellant, and we see no reason for disturbing his finding.

Whether the corporation had a contractual right to pay appellant's salary with shares of stock must be determined from the following evidence. After appellant had worked for the corporation about nine months, the parties entered into negotiations toward a contract which would define the terms of appellant's continued employment with the corporation and which contemplated that she would be accepted as an officer, stockholder and member of the Board of Directors, in exchange for which she would invest $5,000 for five shares of capital stock of the company. As the basis for its contention that there was an agreement that appellant would accept, under certain circumstances, shares of stock in the corporation in lieu of salary, appellee relies on a letter [1] from appellant, pertinent excerpts from which are quoted below:

"Since we did not agree on the terms outlined in the meeting held this a. m.

1. Defendant's Exhibit No. 2 (letter from appellant to the president and the secretary-treasurer of the corporation dated July 26, 1960).

I wish to state the following: with reference to the Work Week, Time Off, Sick Leave, Annual Leave/Vacation, Paid Holidays, Salary, Fringe Benefits. * * *

*   *   *   *   *   *

"Salary: * * * If N.S.P.B., Inc., finds its financial situation unable to meet this or my present salary at any time, I would be most happy to accept Capital Stock in lieu of same, providing I am informed at least two weeks in advance in order that I may make other arrangements to meet my obligations.

*   *   *   *   *   *

"If I am accepted as an officer, stockholder and member of the Board of Directors of N.S.P.B., Inc. I will expect these terms of agreement to be drawn up legally and signed by all parties in order that we may avoid any misunderstanding in the coming years. * * *

*   *   *   *   *   *

"P.S. My offer is still open regarding money you might need until other arrangements are made should you feel we cannot work something out."

The trial judge found that by this letter the appellant had contracted to accept, under certain conditions, stock in lieu of salary. We disagree. The language of the letter, taken as a whole, clearly indicates that the appellant did not intend to be bound to do so until a written agreement had been signed by both sides covering acceptable terms of her proposed new relationship as stockholder, officer and Board member.[2] The letter was merely a part of the preliminary negotiations looking toward the execution of a contract in writing[3] and by its own terms negates the idea that it was intended as an offer which thereafter could be accepted orally, or by letter, or by act of some duly authorized officer or agent of the corporation without the necessity of a formal written document covering all the terms. The attempt by appellee's officer to "accept" one part of the suggested terms of employment by merely sending her a certificate for the equivalent of the back salary owed her was insufficient to result in a good contract between them. Appellant clearly signified that she expected the terms of her letter to be reduced to a formal agreement and signed by all the officers of the corporation in order to become binding.

That the substitution of the stock in lieu of salary was not pursuant to a contract between the parties is borne out by two exhibits in the record,[4] both prepared by appellee's president. One, a 12-point memorandum (unsigned) given appellant, indicated that the corporation had no money for her salary and would henceforth give her stock in lieu thereof. Significantly, it does not appear to be a contract authorizing the corporation to do so but, rather, a unilateral decision made by the president because of the pecuniary condition of the company. The other, the letter which accompanied the stock sent to appellant, merely says, "Consistent with the 12-point decision which I as President rendered on or about November 15, 1960, * * * I am enclosing * * * shares in stock to pay you * * * for your services * * *." It does not refer to any contract authorizing the substitution.

We must hold that whatever the relations were between the parties, they were not governed by appellant's letter proposing terms of her future employment. That there was to be a duly signed contract embodying the final agreement of the parties was clearly the intent of the letter. Absent such signed document, there was no agreement by appellant to accept stock in lieu of salary.

**2.** Western Machinery Company v. Consolidated Uranium Mines, Inc., 10th Cir., 247 F.2d 685; Smith v. Onyx Oil and Chemical Co., 3rd Cir., 218 F.2d 104, 50 A.L.R.2d 216.

**3.** Elkhorn-Hazard Coal Co. v. Kentucky River Coal Corporation, 3rd Cir., 20 F. 2d 67.

**4.** Plaintiff's Exhibits 1 and 2.

There seems no disagreement between the parties as to the amount claimed by appellant for back salary—$581.80. This was the equivalent of the value of the stock sent her and promptly returned by her.

For the above reasons, judgment denying the claim for unpaid wages must be reversed and the appellant awarded $581.80.

Reversed with instruction to enter judgment for appellant in the amount of $581.80.